IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

vs.                               Criminal No. 1:10-cr-10004
                                  Civil No. 1:12-cv-01059

WILLIAM C. MITCHELL                                                         DEFENDANT

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before this Court is William C. Mitchell's (hereinafter "Mitchell") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF No. 100. Mitchell is currently incarcerated at the Yazoo City Medium Federal Correctional Institution. On June 8, 2012, he filed the instant Motion to Vacate under 28 U.S.C. § 2255. ECF No. 100. On July 25, 2012, the Government filed its response to this Motion. ECF No. 103. On September 5, 2012, the Government filed an additional response. ECF No. 111. This Motion was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of this case. Consistent with the following analysis, this Court recommends this Motion be **GRANTED IN PART,** and Mitchell be re-sentenced.

A.   **Background**[1]

On March 31, 2010, Mitchell was named in two counts of an eighteen-count indictment returned by the Grand Jury for the Western District of Arkansas. ECF No. 1. Count 1 of the Indictment charged Mitchell with conspiracy to distribute 50 grams or more of crack cocaine in

---

[1] The facts and procedural background were taken from the Motion (ECF No. 100) and responses (ECF Nos. 103, 111) as well as the docket in this case.

violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii) and 21 U.S.C. § 846. Count 4 of the Indictment charged Mitchell with distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1). On April 27, 2010, Mitchell appeared before the Court for an arraignment and entered a not-guilty plea as to Counts 1 and 4.

On August 3, 2010, the Fair Sentencing Act ("FSA") went into effect increasing the drug amounts necessary to trigger a mandatory minimum sentence for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum sentence and from 50 grams to 280 grams in respect to the 10-year minimum sentence. *See* 21 U.S.C. § 841.

On November 2, 2010, Mitchell appeared with counsel for a change of plea hearing before the Honorable Harry F. Barnes. ECF No. 68. A written plea agreement was presented wherein Mitchell would plead guilty to Count 1 of the Indictment. ECF No. 69. In this agreement, Mitchell pled guilty to conspiracy to distribute 50 grams or more of crack cocaine, stipulating he should be held accountable for at least 50 grams but less than 150 grams. ECF No. 69.

On July 8, 2011, the Court sentenced Mitchell on Count 1 to 120 months in prison, 5 years supervised release, and $100 special assessment. ECF No. 88. The 120 month sentence was based upon the mandatory minimum sentence contained in 12 U.S.C. § 841(b)(1)(A) as it was written before the FSA went into effect.

**B.**   **Instant Petition**

On June 8, 2012, Mitchell filed the current 28 U.S.C. § 2255 Motion. ECF No. 100. In his Motion, he raises two grounds[2]:

---

[2] Mitchell actually lists three separate grounds in his briefing; but because these grounds address the same issue, the Court will address them together.

      (1)      He is entitled to resentencing because he should have been sentenced under FSA; and

      (2)      His counsel was ineffective prior to sentencing and during sentencing.

In response, the Government argues that Mitchell's trial counsel was not deficient but agrees with Mitchell's second argument and states Mitchell is entitled to resentencing under the FSA. ECF Nos. 103, 111.

**C.**    <u>**Discussion**</u>

    **1.**    **Mitchell's Resentencing**

As noted above, the Fair Sentencing Act was adopted by Congress in 2010. The FSA increased the drug amounts triggering mandatory minimums for cocaine base ("crack") trafficking offenses from 5 grams to 28 grams in respect to the 5–year minimum sentence and from 50 grams to 280 grams in respect to the 10–year minimum sentence. Mitchell was indicted on March 31, 2010, and the FSA went into effect on August 3, 2010. Thus, Mitchell's indictment and lawful conduct occurred prior to the effective date of FSA. Mitchell, however, was sentenced on July 8, 2011. Accordingly, he was sentenced after the FSA went into effect.

Following enactment of the FSA, several of the Circuit Courts of Appeal came to different conclusions as to whether the FSA's more lenient mandatory minimums applied to offenders who were sentenced after the FSA was enacted but whose unlawful conduct took place before the FSA was enacted. *Compare United States v. Douglas*, 644 F.3d 39, 42–44 (1st Cir. 2011) (FSA applies), and *United States v. Dixon*, 648 F.3d 195, 203 (3rd 2011) (FSA applies), with *United States v. Fisher*, 635 F.3d 336 (7th Cir. 2011)(FSA does not apply), *United States v. Sidney*, 648 F.3d 904, 910 (8th Cir. 2011) (FSA does not apply), and *United States v. Tickles*, 661 F.3d 212, 215 (5th Cir. 2011) (*per curiam*) (FSA does not apply).

The United States Supreme Court granted *certiorari* in two cases to address the conflict among the Circuit Courts.  In *Dorsey v. United States*, 132 S.Ct. 2321 (2012), the Supreme Court held the FSA applied to defendants sentenced after its effective date, overruling the holding of *United States v. Sidney*, 648 F.3d 904, 910 (8th Cir. 2011).   The Court held: "we conclude that Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders. That is the Act's 'plain import' or 'fair implication.'" *Dorsey*, 132 S. Ct. at 2335.  Thus, *Dorsey* applies the mandatory minimums from the FSA to pre-Act offenders who were sentenced after the passage of the FSA.

In accordance with *Dorsey,* because Mitchell was sentenced after the FSA was enacted for lawful conduct that occurred before the FSA was enacted, he should be re-sentenced pursuant to the mandatory minimum standards adopted by Congress in the FSA.

    2.    **Ineffective Assistance of Counsel**

Mitchell also argues his counsel was ineffective in the following ways: (1) his counsel did not seek a detention hearing; (2) he requested changes to his PSR report that were never changed; (3) he was not able to call five different character witnesses that he wished to call on the day of sentencing; (4) his attorney did not request information from the grand jury who returned his Indictment; (5) his lawyer "always wanted to wave [waive] court dates"; and (6) he was improperly advised to sign a "dummy" plea agreement.  ECF No. 100.

Because Mitchell should already be re-sentenced in accordance with the FSA, the Court will not address counsel's alleged ineffectiveness during sentencing. Further, despite Mitchell's second argument, his counsel did request a detention hearing. ECF No. 39.  However, prior to that hearing, he waived his request. *Id.*   Based upon the charges against Mitchell, there was a rebuttal

presumption of detention.  *See* 18 U.S.C. § 3142(e)(3)(A).  Mitchell has not offered any evidence indicating he could rebut that presumption.  ECF No. 100.  Thus, the Court will not address this issue and will only address the remaining arguments.

As an initial matter, the same standard applies to all of Mitchell's claims of ineffective assistance of counsel.  "To establish ineffective assistance of counsel within the context of section 2255 . . . a Mitchell faces a heavy burden."  *United States v. Apfel,* 97 F.3d 1074, 1076 (8th Cir. 1996).  The burden of proving ineffective assistance of counsel is on the defendant.  *See United States v. Cronic,* 466 U.S. 648, 658 (1984).  As the Eighth Circuit has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on the claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'"  *United States v. Ledezma-Rodriguez,* 423 F3d 830, 836 (8th Cir. 2005) (*citing Strickland v. Washington,* 466 U.S. 668, 687 (1984)).

        a.    **Grand Jury Information**

Mitchell claims his attorney refused to request the documents and transcripts from the grand jury that returned his Indictment.  ECF No. 100 at 7.  Pursuant to Rule 6(e)(3)(E) of the Federal Rules of Criminal Procedure, a court is authorized to release grand jury matters at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury.  Here, Mitchell argues his counsel provided ineffective assistance by failing to request grand jury material to support a motion to dismiss his Indictment.  ECF No. 100 at 7.  Mitchell appears to argue the Indictment should have been dismissed because it was returned more than 18 months after the impanelment of the grand jury.  *Id.*  Mitchell has offered no support

for this claim. *Id.*

A party seeking disclosure of grand jury material under Rule 6(e) of the Federal Rules of Criminal Procedure must demonstrate a particularized need. *See Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 221 (1979). To meet the particularized need standard, a party must establish that: (1) the material sought is necessary to avoid possible injustice in another judicial proceeding; (2) the need for disclosure outweighs the need for continued secrecy; and (3) the request is structured narrowly to cover only the material needed. *Id.* at 222. In the present action, the Mitchell has not demonstrated (or even argued) that he could have met this particularized requirement. Further, the Mitchell has not demonstrated he was prejudiced by his attorney's failure to request this information. Accordingly, the Mitchell has not met his burden on this ineffective assistance of counsel claim.

### b.     Waived Court Dates

Mitchell claims his counsel was ineffective for voluntarily continuing his trial date. ECF No. 100 at 7. Upon review of Mitchell's case, Mitchell was indicted along with three other defendants on March 31, 2010. ECF No. 1. On April 27, 2010, the Court set the case for jury trial to commence on June 7, 2010. ECF No. 26. On May 24, 2010, Mitchell's counsel filed a motion for continuance based on a conflict with another scheduled matter. ECF No. 31. The Court granted counsel's request and reset the jury trial for July 6, 2010. ECF No. 32. On June 28, 2010, Mitchell's counsel again filed a motion for continuance due to a conflict with scheduled court dates. ECF No. 36. On June 29, 2010, the Court found this motion was moot because separate defendant Cook had requested a continuance. ECF No. 37. The trial was continued until September 13, 2010. *Id.* On August 31, 2010, the Court granted another continuance after a motion was filed by separate

defendant King.  ECF No. 47.  The trial was continued until November 3, 2010.  ECF No. 47.  On November 2, 2010, Mitchell entered into his plea agreement.

In all, Mitchell's counsel was only granted one extension of the trial date.  Mitchell has hardly demonstrated this amounts to "deficient performance."  Further, there is nothing to suggest Mitchell was prejudiced by any of the continuances, as is required by *Strickland*.  Importantly, Mitchell ultimately pled guilty, and there is no indication he would have not pled guilty had his trial date not been continued.  Accordingly, the Court finds Mitchell has not met his burden of establishing his counsel was ineffective.

### c.   "Dummy" Plea Agreement

Mitchell argues his counsel improperly "advised [him] to sign a dummy plea agreement" instead of proceeding with a trial.  ECF No. 100 at 7.  It is unclear which "dummy" plea agreement Mitchell is referencing, but it appears Mitchell may be referring to the plea agreement he entered in this case on November 2, 2010.  ECF No. 69.

Upon review of the plea agreement, however, Mitchell stated that entered into the plea agreement "freely and voluntarily"; and Mitchell's attorney represented that he had read the plea agreement, had given a copy of it to Mitchell, had explained the ramifications of the plea agreement to Mitchell, and believed Mitchell understood the plea agreement.  *Id.*  There is no indication Mitchell would have fared better had he gone to trial and not signed this plea agreement.  Accordingly, because Mitchell has not shown he was at all prejudiced by being advised to sign this plea agreement, he cannot succeed on his ineffective assistance of counsel claim.  Finally, based upon these findings and based upon this review of Mitchell's claims of ineffective assistance, Mitchell has not demonstrated his counsel was ineffective, and he is not entitled to a new trial.

D.      **Conclusion**

For the foregoing reasons, I recommend this Motion under 28 U.S.C. § 2255 be **GRANTED IN PART.**   Mitchell should be re-sentenced in accordance with the Fair Sentencing Act of 2010.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**DATED this 15th day of November 2012.**

                                        /s/ Barry A. Bryant
                                        HON. BARRY A. BRYANT
                                        U.S. MAGISTRATE JUDGE